**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| A.A., by and through his mother, P.A., and P.A., in her individual capacity,<br><br>Plaintiffs<br><br>Versus<br><br>ST. TAMMANY PARISH SCHOOL BOARD, and FRANK J. JABBIA, in his official capacity as Superintendent of St. Tammany Parish Public Schools,<br><br>Defendants | CIVIL ACTION<br><br>CASE: 2:26-cv-00199<br><br>SEC. P, JUDGE PAPILLION<br><br>MAGISTRATE JUDGE MICHAEL B. NORTH |

**ANSWER TO COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes the St. Tammany Parish School Board (hereinafter referred to as "Defendant," "the Board" or "STPSB"), who responds to the Complaint filed by Plaintiffs, A.A., by and through his mother, P.A., and P.A., in her individual capacity (the "Complaint") as follows:

**PARTIES**

1. The allegations in paragraphs 1-4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2. STPSB admits the allegations of its status in paragraph 3.

**JURISDICTION AND VENUE**

1. Paragraphs 5-10 state legal conclusions to which no response is required. By way of further response to the allegations in paragraph 10, Defendant does not object to venue in this district.

## STANDARD OF REVIEW

2. The allegations in paragraphs 11-17 of the Complaint state a legal conclusion to which no response is required, but in abundance of caution are denied.

## STATUTORY FRAMEWORK

3. The allegations in paragraphs 18-38 of the Complaint state a legal conclusion to which no response is required, but in abundance of caution are denied.

## STATEMENT OF FACTS

4. The allegations in paragraphs 39-42 of the Complaint are denied for lack of sufficient information to justify a belief therein.

5. The allegations in paragraphs 43-46 of the Complaint are denied as written.

6. The allegations in paragraphs 47-53 of the Complaint are denied for lack of sufficient information to justify a belief therein.

7. The allegations in paragraphs 54-150 of the Complaint are denied for lack of sufficient information to justify a belief therein.

## THE ALJ'S ERRORS OF LAW AND FACT

8. The allegations in paragraphs 151-190 of the Complaint are denied.

## FIRST CLAIM

9. The allegations in paragraphs 191-192 of the Complaint are denied.

10. The allegations in paragraphs 193 and 194 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11. The allegations in paragraphs 195-206 of the Complaint are denied.

## SECOND CLAIM

12. The allegations in paragraphs 207-208 of the Complaint are denied.

*A.A., by and through his mother, P.A., and P.A., in her individual capacity, v. St. Tammany Parish School Board, et al*
U.S. Eastern District Court No. 2:26-c-00199
St. Tammany Parish School Board's Answer and Affirmative Defenses

13. The allegations in paragraphs 209 and 210 of the Complaint are denied for lack of sufficient information to justify a belief therein.

14. The allegations in paragraphs 211-218 of the Complaint are denied.

## THIRD CLAIM

15. The allegations in paragraphs 219-220 of the Complaint are denied.

16. The allegations in paragraphs 221 and 222 of the Complaint are denied for lack of sufficient information to justify a belief therein.

17. The allegations in paragraphs 223-225 of the Complaint are denied.

## FOURTH CLAIM

18. The allegations in paragraphs 226-227 of the Complaint are denied.

19. The allegations in paragraphs 228 and 229 of the Complaint are denied for lack of sufficient information to justify a belief therein.

20. The allegations in paragraphs 230-231 of the Complaint are denied.

## FIFTH CLAIM

21. The allegations in paragraph 232-233 of the Complaint are denied.

22. The allegations in paragraphs 234 and 235 of the Complaint are denied for lack of sufficient information to justify a belief therein.

23. The allegations in paragraphs 236-244 of the Complaint are denied.

## SIXTH CLAIM

24. The allegations in paragraph 245 of the Complaint is denied.

25. The allegations in paragraphs 246-248 of the Complaint state a legal conclusion to which no response is required, but in abundance of caution are denied.

*A.A., by and through his mother, P.A., and P.A., in her individual capacity, v. St. Tammany Parish School Board, et al*
U.S. Eastern District Court No. 2:26-c-00199
St. Tammany Parish School Board's Answer and Affirmative Defenses

26. The allegations in paragraphs 249 and 250 of the Complaint are denied for lack of sufficient information to justify a belief therein.

27. The allegations in paragraph 251 of the Complaint are denied for lack of sufficient information to justify a belief therein.

28. The allegations in paragraphs 252-255 of the Complaint are denied.

## SEVENTH CLAIM

29. The allegations in paragraph 256 of the Complaint are denied.

30. The allegations in paragraphs 257-259 of the Complaint are denied for lack of sufficient information to justify a belief therein.

31. The allegations in paragraphs 260-261 of the Complaint are denied for lack of sufficient information to justify a belief therein.

32. The allegations in paragraphs 262-265 of the Complaint are denied.

## EIGHTH CLAIM

33. The allegations in paragraph 266 of the Complaint are denied.

34. The allegations in paragraphs 267-268 of the Complaint are denied for lack of sufficient information to justify a belief therein.

35. The allegations in paragraphs 269-276 of the Complaint are denied.

## NINTH CLAIM

36. The allegations in paragraph 277 of the Complaint are denied.

37. The allegations in paragraphs 278-279 of the Complaint are denied for lack of sufficient information to justify a belief therein.

38. The allegations in paragraphs 280-287 of the Complaint are denied.

*A.A., by and through his mother, P.A., and P.A., in her individual capacity, v. St. Tammany Parish School Board, et al*
U.S. Eastern District Court No. 2:26-c-00199
St. Tammany Parish School Board's Answer and Affirmative Defenses

39. The truth of all unnumbered, misnumbered, or otherwise unresponded to opening paragraphs, allegations of fact, averments of law, prayers for relief, or otherwise as contained in the Complaint are denied for lack of sufficient information to justify a belief therein.

AND NOW, further answering the Plaintiff's Complaint, the Defendant avers:

## **FIRST DEFENSE**

40. The sole and proximate cause of the alleged incidents and injuries giving rise to this lawsuit were the fault or intentional acts of others for whom Defendant cannot be held responsible. Defendant further asserts that it cannot be held responsible for the intentional, malicious, willful and deliberate acts of others and cannot be required, in any way, to pay for the intentional actions of others.

## **SECOND DEFENSE**

41. In the alternative, the sole and proximate cause of any alleged damages of Plaintiff was a result of their own actions or the actions of others.

## **THIRD DEFENSE**

42. Further, in the alternative, and only in the event this Court finds the Defendant liable for fault which brought about the alleged incidents made the basis of this action, which fault is specifically denied, then Defendant reasserts and reavers all of the aforementioned fault, acts or omissions of Plaintiff as if fully copied herein in extenso. Defendant specifically pleads that this fault or omissions constitute contributory negligence and/or comparative fault so as to bar, or in the alternative, to reduce and mitigate the alleged damages sought herein by the Plaintiff.

*A.A., by and through his mother, P.A., and P.A., in her individual capacity, v. St. Tammany Parish School Board, et al*
U.S. Eastern District Court No. 2:26-c-00199
St. Tammany Parish School Board's Answer and Affirmative Defenses

**FOURTH DEFENSE**

43. Defendant further affirmatively pleads and avers that to the extent that Plaintiff has failed to mitigate his damages and injuries in this matter as required by law, the claims of Plaintiff should be denied or reduced.

**FIFTH DEFENSE**

44. Defendant prays for and is entitled to, as a matter of law, a reduction in any damages for which it may be held to the Plaintiff in this matter based upon the percentage of his fault or the fault of any other obligor or person.

**SIXTH DEFENSE**

45. Defendant further shows that it is entitled to a credit for any payments made in this matter or which may have been made or may in the future be made by any entity or person on its behalf.

**SEVENTH DEFENSE**

46. Defendant pleads the limitation on trial by jury as provided under LA. REV. STAT. ANN. § 13:5105.

**EIGHTH DEFENSE**

47. Recovery, if any, had by the Plaintiff will be limited to and governed by the provisions of LA. REV. STAT. ANN. § 13:5106, and no claim of Plaintiff can exceed that amount allowed pursuant to law.

**NINTH DEFENSE**

48. Defendant pleads the limitations of legal interest and court costs as provided for in LA. REV. STAT. ANN. § 13:5112.

*A.A., by and through his mother, P.A., and P.A., in her individual capacity, v. St. Tammany Parish School Board, et al*
U.S. Eastern District Court No. 2:26-c-00199
St. Tammany Parish School Board's Answer and Affirmative Defenses

**TENTH DEFENSE**

49. Defendant specifically pleads the provisions of LA. REV. STAT. ANN. §§ 9:2798.1, 17:416.4, 17:416.11, and 17:439 limiting liability of public entities or their officers or employees and asserts any other absolute or qualified immunity Board employees are entitled to in accordance with law. Defendant affirmatively states that it did not act maliciously, willfully, or deliberately in a manner intended to cause bodily harm to, harass, or intimidate, the Plaintiff.

**ELEVENTH DEFENSE**

50. Defendant pleads all Defenses and Objections set forth in Fed. R. Civ. Proc. 12 potentially applicable under the facts as alleged in the Complaint, including without limitation, the failure to state a claim upon which relief can be granted.

**TWELTH DEFENSE**

51. Any and all other defenses allowed under law.

**WHEREFORE**, the St. Tammany Parish School Board prays that this answer be deemed good and sufficient, and, after due proceedings are had, petitioner's, A.A., by and through his mother P.A., and P.A., in her individual capacity, Complaint be dismissed, with prejudice and at Plaintiff's costs.

**[SIGNATURE BLOCKS ON FOLLOWING PAGE]**

*A.A., by and through his mother, P.A., and P.A., in her individual capacity, v. St. Tammany Parish School Board, et al*
U.S. Eastern District Court No. 2:26-c-00199
St. Tammany Parish School Board's Answer and Affirmative Defenses

Respectfully submitted March 27, 2026, by,

**HARRISON & RICHARDSON**

/s/ James A. Anderson
Paul E. Harrison (#24447)
pharrison@phdrlaw.com
James A. Anderson (#40685)
janderson@phdrlaw.com
Catherine G. Schroeder (#39449)
cschroeder@phdrlaw.com
532 Girod Street
Mandeville, LA 70448
Telephone: (985) 727-7348
Facsimile: (985) 624-8145


AND

**HAMMONDS, SILLS, ADKINS, GUICE, NOAH & PERKINS, L.L.P.**


/s/ Parris A. Taylor
Parris A. Taylor (#25519)
ptaylor@hamsil.com
Wayne T. Stewart (#30964)
wstewart@hamsil.com
2431 South Acadian Thruway, Suite 600
Baton Rouge, LA 70808
Telephone: (225) 923-3462
Facsimile: (225) 923-0315

## LOCAL RULE 5.4 CERTIFICATE

All parties in this proceeding are electronic filers and will receive notice through the court's electronic filing system.


/s/ James A. Anderson
ATTORNEY


*A.A., by and through his mother, P.A., and P.A., in her individual capacity, v. St. Tammany Parish School Board, et al*
U.S. Eastern District Court No. 2:26-c-00199
St. Tammany Parish School Board's Answer and Affirmative Defenses