**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**P.A., individually and on behalf of**
**minor child A.A.**                                    **CIVIL ACTION**

**VERSUS**                                              **NUMBER: 26-199**

**ST. TAMMANY PARISH SCHOOL BOARD, ET AL.**             **SECTION: "P" (5)**

<u>**ORDER AND REASONS**</u>

Before the Court is Plaintiffs' Motion for Leave to Proceed Anonymously Through Pseudonyms and Plaintiffs' *Ex Parte* Motion for Leave to File Exhibit 1 Under Seal.  (Rec. docs. 3, 4).  Both motions are unopposed.  Having reviewed the pleading and the applicable law, the Court rules as follows.

**I.      Background**

P.A., in her individual capacity, and on behalf of her minor child, A.A., filed this action against the St. Tammany School Board and Superintendent Frank Jabbia on January 28, 2026, alleging violations of due process rights and federal civil rights under the Individuals with Disabilities Acts, 20 U.S.C. § 1400 *et seq.* (2005) ("IDEA"); the IDEA regulations in 34 C.F.R. § 300.30 *et seq*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"); Title II of Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq*. ("ADA"); and state special education regulations contained in Louisiana Bulletins 1508, 1530, and 1706.  (Rec. doc. 1).

Plaintiffs have asked the Court for permission to proceed anonymously through pseudonyms to protect their privacy, and particularly, the privacy of child, A.A.  (Rec. doc. 3-1).  Plaintiffs argue they are entitled to anonymity because they are raising issues of utmost sensitivity and challenging government activity.  (*Id.*).  Further, they argue that proceeding anonymously through pseudonyms will not prejudice the Defendants or impair the public's

interest in open judicial proceedings.  (*Id.*). Plaintiffs also request that Exhibit 1 be filed under seal and remain under seal until further order from this Court.  (Rec. doc. 4-1).  Counsel for Plaintiffs has filed Exhibit 1, which is a non-anonymized list of the Plaintiffs, under seal so that the Defendants, but not the public, will know Plaintiffs' true identities.  (Rec. doc. 3-1).

## II.    Law and Analysis

Rule 10(a) of the Federal Rules of Civil Procedure requires that a "complaint must name all the parties."  "This rule protects the public's legitimate interest in knowing all the facts involved in the case, including the parties' identities." *Doe v. Compact Info. Systems, Inc.*, 2015 WL 11022761, at *3 (N.D. Tex. Jan. 26, 2015) (citation omitted).  "Nonetheless, under some circumstances a party may proceed anonymously or under a pseudonym." *Doe v. Griffon Mgmt. LLC*, 2014 WL 7040390, at *1 (E.D. La. Dec. 11, 2014).  Per the Fifth Circuit, whether to allow a party to proceed anonymously "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

Factors to consider in determining whether anonymity is warranted include whether the plaintiff seeking anonymity is suing to challenge governmental activity, whether prosecution of the case will compel plaintiff to disclose information "of the utmost intimacy," and whether the plaintiff will be compelled to admit his intention to engage in illegal conduct. *Id.* at 185 (citation omitted).  Other factors courts have considered include potential threats of violence, the prejudicial impact on the defendants if the plaintiff is allowed to proceed anonymously, and fairness to the public. *Compact Info. Systems*, 2015 WL 11022761, at *3 (citations omitted).  The Fifth Circuit has also considered the vulnerability of child-litigants

2

as a significant factor in arguing for anonymity. *See Stegall*, 653 F.2d at 186.  "Because none of the factors are dispositive, but deserve consideration, a Judge should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)) (internal quotations and punctuation omitted) (emphasis in original).  "In the end, the primary concern underlying the relevant factors is whether the plaintiff likely would suffer real and serious harm if [he] were not permitted to use a pseudonym." *Doe ex rel. Doe v. Harris*, 2014 WL 4207599, at *2 (W.D. La. Aug. 25, 2014) (citing *Victoria W. v. Larpenter*, 2001 WL 406334, at *1 (E.D. La. Apr. 17, 2001)).

Applying these factors here, the Court finds that they weigh in favor of allowing Plaintiff to proceed in this case under a pseudonym.  Plaintiffs' case challenges government activity by alleging that Defendants, St. Tammany Parish School Board and Frank Jabbia, in his official capacity as Superintendent of St. Tammany Parish Public Schools, have discriminated against Plaintiffs on the basis of A.A.'s disability.  (Rec. doc. 3-1).  Plaintiffs' suit also requires the disclosure of intimate details including disability status, financial status, mental health diagnoses, treatment history, and educational history.  (*Id.*).  Plaintiffs allege they must raise as part of their claims the tangible effect of Defendant's failures, including trauma, parenting challenges, and strained family lives. (*Id.*). This Court has found that cases involving certain areas should be afforded privacy by allowing pseudonyms. *See e.g., Doe v. AstraZeneca Pharm., LP*, 2015 WL 4661814, at *5 (E.D. La. Aug. 5, 2015) (findings that cases involving abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate

children, AIDs, and homosexuality are the types of cases that warrant anonymity (internal citations omitted)).

The Court also recognizes the value of applying sensitivity and flexibility to the special needs of parents and children. Although children generally are protected by the same constitutional guarantees against governmental deprivations as are adults, the State is entitled to adjust its legal system to account for children's vulnerability and their needs for "concern, . . . sympathy, and . . . paternal attention." *Bellotti v. Baird*, 443 U.S. 622, 635 (1979) (citing *McKeiver v. Pennsylvania*, 403 U.S. 528, 550 (1971) (plurality opinion)). Here, the Plaintiff is a 10-year-old child with autism suing Defendants for various claims including violating the ADA by denying Plaintiffs meaningful access to education and discriminating against him on the basis of disability. The privacy stakes are high when the suit is brought by children and their parents. *See Stegall*, 653 F.2d at 186.

As other courts have recognized—in IDEA cases, no less—a parent's identity, "if disclosed, could jeopardize the child's confidentiality." *J.W. v. D.C.*, 318 F.R.D. 196, 199 (D.D.C. 2016) (quoting *P.M. v. Evans–Brant Cent. Sch. Dist.*, 2012 WL 42248, at *3 (W.D.N.Y. Jan. 9, 2012). In IDEA cases, in particular, courts have allowed both parents and children to proceed anonymously. *See, e.g., G.H. v. District of Columbia*, 2013 WL 5297203, at *1 n. 1 (D.D.C. Aug. 16, 2013); *P.M.*, 2012 WL 42248, at *3; C.*B. v. Pittsford Cent. School Dist.*, 2009 WL 2991564, at *4–5 (W.D.N.Y. Sept. 15, 2009). While Federal Rule of Civil Procedure 5.2(a) acknowledges the privacy interests of minor children by allowing parties to reference minors only by their initials, it cannot be reasonably suggested that this protection would not be "eviscerated unless the parent was also permitted to proceed using initials." *C.B.*, 2009 WL 2991564, at *4 (quoting P.*M. v. Evans–Brant Cent. Sch. Dist.*, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22,

2008)). Accordingly, courts have concluded that parents may proceed anonymously in IDEA cases to "protect the family and child from further embarrassment and publicity regarding the child's disability." *Doe v. Alfred*, 906 F.Supp. 1092, 1093 n. 1 (S.D.W.Va.995). As such, it is reasonable to allow P.A. to proceed anonymously, as she is the mother of A.A.

Finally, the Court can find no prejudice to Defendants by allowing Plaintiffs to proceed anonymously; Defendants know the identity of both the child-litigant and his parent and will be able to conduct this litigation without impediment. *See Doe v. Colgate Univ.*, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("Furthermore, Defendants are aware of Plaintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is disclosed publicly").

Plaintiffs, through their attorney, have submitted under seal Exhibit 1, a non-anonymized list of the Plaintiffs. They have requested that Exhibit 1 be filed under seal to maintain privacy and anonymity. To ensure compliance with Federal and Local Rules, the Court ordinarily requires plaintiffs permitted to proceed under pseudonym to file, ex parte and under seal, "a declaration containing their real names and residential addresses." *Doe v. Fed. Republic of Germany*, 680 F. Supp. 3d 1, 4 (D.D.C. 2023). (quoting *Sponsor v. Mayorkas*, No. 23-712, 2023 WL 2598685, at *3 (D.D.C. Mar. 22, 2023). Therefore, it is fully within the Court's discretion to allow Plaintiffs to file such documents under seal. *E.B. v. Landry*, 2020 WL 5775148, at *6 (M.D., La. Sept. 28, 2020).

## III.    Conclusion

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to Proceed Anonymously Through Pseudonyms (rec. doc. 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that all parties, their attorneys, and agents shall not disclose the true identities of the Plaintiffs in the instant litigation, and instead, shall use the pseudonyms offered by the Plaintiffs.

**IT IS FURTHER ORDERED** that Plaintiffs *Ex Parte* Motion for Leave to File Exhibit 1 Under Seal is **GRANTED.**

New Orleans, Louisiana, this 30th day of March, 2024.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

6