UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| P.A., *on behalf of* A.A. *and in her individual capacity* | CIVIL ACTION |
| VERSUS | NO. 26-199 |
| ST. TAMMANY PARISH SCHOOL BOARD AND FRANK JABBIA, *in his official capacity as Superintendent* | SECTION "N" |

**ORDER AND REASONS**

Before the Court is the motion of defendant Frank Jabbia, sued in his official capacity as Superintendent of St. Tammany Parish Public Schools, to dismiss the claims against him under Federal Rule of Civil Procedure 12(b)(6).[1] Having considered the parties' memoranda, the record, and the applicable law, and for the following reasons, the motion is granted. The claims against Superintendent Jabbia are dismissed as redundant of the identical claims against the St. Tammany Parish School Board. The Court therefore does not reach Jabbia's alternative argument that Plaintiffs failed to plead the elements of their discrimination and retaliation claims.

## I. BACKGROUND

Plaintiffs A.A., a minor, and his mother P.A. bring this action appealing an administrative decision under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq., and asserting claims under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.[2] Plaintiffs allege that, instead of providing necessary

[1] Rec. Doc. 13.
[2] Rec. Doc. 1 at 1.

accommodations, Defendants restricted A.A. to a severely abbreviated, two-hour school day in isolation for the entire 2024-2025 school year. As a result of this deprivation, A.A. regressed academically and behaviorally, which Defendants allegedly used to justify his continued exclusion in violation of federal disability statutes.[3] Plaintiffs plead the IDEA counts (Counts I–V) against the St. Tammany Parish School Board alone.[4] However, Plaintiffs plead the ADA and Section 504 counts (Counts VI–IX) against both the School Board and Superintendent Jabbia, who is named solely in his official capacity.[5] Jabbia moves to dismiss the claims against him, arguing principally that an official-capacity suit against him is redundant of the suit against the School Board, and alternatively that plaintiffs failed to plead the elements of their discrimination and retaliation claims as to him.[6]

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[7] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

---

[3] *Id.* at 2.
[4] *Id.* ¶¶ 191-244.
[5] *Id.* ¶¶ 245-287.
[6] Rec. Doc. 13-1 at 1-2.
[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

the misconduct alleged."[9] The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[10] Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"[11] or "naked assertion[s]"[12] devoid of "further factual enhancement"[13] are not sufficient. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14] "Although detailed factual allegations are not required," "[d]ismissal is appropriate when the complaint on its face shows a bar to relief."[15]

## III. LAW & ANALYSIS

A suit against a government official in his official capacity "'generally represent[s] only another way of pleading an action against an entity of which an officer is an agent.'"[16] Such a suit is, "in all respects other than name, to be treated as a suit against the entity."[17] The Fifth Circuit recognizes that where the governmental entity is itself named as a defendant, official-capacity claims against

---

[9] *Id.*
[10] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citation modified).
[11] *Iqbal*, 556 U.S. at 678 (citations omitted).
[12] *Twombly*, 550 U.S. at 557.
[13] *Id.*
[14] *Iqbal*, 556 U.S. at 679.
[15] *Cutrer v. McMillan*, 308 Fed. App'x. 819, 820 (5th Cir. 2009) (per curiam) (citations omitted).
[16] *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).
[17] *Id.* at 166.

its officers are redundant and may be dismissed on that basis.[18] On the face of the pleadings, then, the claims against Superintendent Jabbia are duplicative of the claims against the entity he serves.

Yet Plaintiffs resist this result for three main reasons, none of which is persuasive. First, Plaintiffs argue that the cases cited by Jabbia are in the § 1983 context and thus, seemingly inapplicable.[19] Although it is accurate that the cases cited are § 1983 cases, neither the rule nor the reasoning depends on that feature. The rule Jabbia invokes comes from *Graham*, invoking *Monell* for the proposition that a claim against an official in his official capacity is a claim against the entity, "in all respects other than name, to be treated as a suit against the entity."[20] This conclusion is reinforced by the courts of appeals' explanation for why courts dismiss redundant official-capacity defendants. Instead of tying dismissal to the nature of a § 1983 proceeding, these cases conclude that an official-capacity claim is "subsumed within" the identical claim against the entity;[21] that the allegations "duplicate claims against the respective governmental entities themselves";[22] that a court "may dismiss the officer as a redundant defendant" when the officer is named only in an official

---

[18] See *Goodman v. Harris County*, 571 F.3d 388, 396 (5th Cir. 2009) ("Because official capacity suits are really suits against the governmental entity, Goodman's attempt to hold Hickman liable for failing to train and supervise Ashabranner, if in his official capacity, is subsumed within her identical claim against Harris County."); *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) ("The district court was also correct in dismissing the allegations against all of the municipal officers … in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves.").

[19] Rec. Doc. 18 at 4 n.1.

[20] *Graham*, 473 U.S. at 165.

[21] *Goodman*, 571 F.3d at 396.

[22] *Castro Romero*, 256 F.3d at 355.

capacity and the entity is also named;[23] and that retaining both "would have been redundant and possibly confusing to the jury."[24] Each of those reasons describes a relationship between two claims. None depends on what statute those claims arise under. The redundancy is a feature of the pleading, and it is no less a feature of a pleading that invokes Title II and Section 504.

Second, Plaintiffs argue that under Louisiana law, Superintendent Jabbia is the District's "chief executive officer," charged with implementing School Board policy and ensuring the District's compliance with law.[25] Although this is undoubtedly true, it is ultimately irrelevant to the question of whether the claims against Jabbia in his official capacity are redundant. The redundancy inquiry asks not whether an official occupies a significant role; the official-capacity defendant always does, for he is the officer through whom the entity acts. The inquiry asks whether a judgment against the officer in his official capacity would afford the plaintiff any relief not already available in the suit against the entity. Stated plainly, does suing the Superintendent get you anything that suing the entity doesn't?

Plaintiffs identify none. Indeed, their own submission supplies the answer. They describe Jabbia as the officer who would "bear the responsibility of ensuring prospective implementation of the Court's orders."[26] An injunction directing the School Board to bring its policies into compliance with the ADA and Section 504

---

[23] *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008).
[24] *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).
[25] *See* Rec. Doc. 18 at 3; La. Rev. Stat. §§ 17:81, 17:91.
[26] Rec. Doc. 18 at 4.

necessarily reaches the superintendent through whom the School Board would implement the policy change. Taken to its logical end, Plaintiffs' theory would make the superintendent a defendant in every institutional-reform action against a Louisiana school district, on the sole ground that he implements district policy. Retaining Jabbia would add a defendant without adding a claim, a remedy, or a source of recovery. It would occasion duplicative briefing on every motion directed at Counts VI through IX and, should those counts reach trial, would present the jury with two defendants where the law recognizes one.

The conclusion that Jabbia may be dismissed as a redundant defendant is confirmed by the relief Plaintiffs seek. An injunction binds not only the enjoined party but also its officers, agents, servants, and employees.[27] An order directing the School Board to conform its policies to the ADA and Section 504 thus reaches the superintendent through whom the Board acts, without any need to name him separately. The reverse does not hold. Because the superintendent implements School Board policy rather than sets it, an injunction running against Jabbia alone would neither bind the Board nor constrain the policymaking that is the target of Plaintiffs' suit. The complete relief Plaintiffs request is available against the School Board, and Federal Rule of Civil Procedure 65(d)(2) ensures it reaches every official responsible for carrying it out.[28]

---

[27] Fed. R. Civ. P. 65(d)(2)(A)-(B).

[28] *Computer Scis. Corp. v. Tata Consultancy Servs. Ltd.,* 159 F.4th 429, 454 (5th Cir. 2025) ("[The entities described by Rule 65(d)(2)] are bound whether named or not.") (quoting *Le Tourneau Co. v. NLRB*, 150 F.2d 1012, 1013 (5th Cir. 1945) (alteration in original)); *see also id*. (explaining that Rule 65(d)(2) derives from the common-law rule that an injunction binds not only the named defendants but also those in privity with them, represented by them, or subject to their control (quoting *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945))).

Moreover, a damages judgment entered against an official in his official capacity is a judgment against the entity, and it is the entity's treasury, not the officer's, that satisfies it.[29] Plaintiffs request compensatory and nominal damages, together with fees and costs, without differentiating between the two defendants.[30] Any damages awarded against Jabbia on Counts VI through IX would be paid by the School Board.

Third, Plaintiffs invoke the rule that official-capacity claims survive where the plaintiff seeks prospective relief, citing *Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir. 1999), for the proposition that the "sole exception" to the entity-officer equivalence rule "is where the plaintiff seeks prospective relief."[31] This argument misapprehends the origin and function of that exception. The prospective-relief principle arises out of the sovereign immunity reflected in the Eleventh Amendment.[32] It recognizes that "implementation of state policy or custom may be reached in federal court only because official-capacity actions for prospective relief are not treated as actions against the State."[33] The exception exists to preserve a remedy that sovereign immunity would otherwise foreclose: because a State may not

---

[29] *Graham*, 473 U.S. at 166 ("a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."); *see Burge v. Par. of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999) ("any judgment against a sheriff in his official capacity must be recovered from his liability insurer or the public funds controlled by him or his successor in office.").
[30] Rec. Doc. 1 ¶ 58 ("Award Plaintiffs all compensatory and nominal damages.").
[31] Rec. Doc. 18 at 5-6. P.A. incorrectly claims the Fifth Circuit in *Goodman* required the § 1983 claim to be made in the official's "personal capacity to survive." Rec. Doc. 18 at 4 n.1. To the contrary, the court merely noted that an official-capacity claim is redundant when the municipality is also sued, stating: "Goodman's attempt to hold Hickman liable … if in his official capacity, is subsumed within her identical claim against Harris County." *Goodman*, 571 F.3d at 396.
[32] *See Ex Parte Young*, 209 U.S. 123 (1908) (private plaintiffs may sue state officials to stop ongoing violations of federal law).
[33] *Graham*, 473 U.S. at 167 n.14.

be sued directly, a plaintiff seeking to enjoin an ongoing violation must instead name a state officer in his official capacity.[34] The exception is a workaround for immunity to ensure the state cannot "impart to the official immunity from responsibility to the supreme authority of the United States,"[35] not a general rule that officers must be retained alongside suable entities.

That distinction is determinative here, because the School Board has no immunity to be worked around. A Louisiana parish school board is a local governmental entity, not an arm of the State, and is subject to suit directly.[36] Plaintiffs acknowledge that "there are no immunity issues in this case"[37] before urging that "the concept applies here as well."[38] It does not. Where the entity is amenable to suit and is in fact a defendant, the plaintiff may obtain prospective relief against the entity directly, and the prospective-relief exception is unnecessary.

The retaliation claims, Counts VIII and IX, fare no differently. Plaintiffs' theory of those claims is that the ban on P.A.'s access to School District property "was

---

[34] "The [*Ex Parte Young*] exception rests on a legal fiction, the premise that a state official is 'not the State for sovereign-immunity purposes' when 'a federal court commands [him or her] to do nothing more than refrain from violating federal law.'" *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020) (quoting *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011)) (citation modified). This exception "has existed alongside our sovereign-immunity jurisprudence for more than a century, accepted as necessary to permit the federal courts to vindicate federal rights." *Id.* (quoting *Stewart*, 563 U.S. at 254-55).

[35] *See Ex Parte Young*, 209 U.S. at 167.

[36] *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280–81 (1977) ("On balance, the record before us indicates that a local school board such as petitioner is more like a county or city than it is like an arm of the State. We therefore hold that it was not entitled to assert any Eleventh Amendment immunity from suit."); *see Minton v. St. Bernard Par. Sch. Bd.*, 803 F.2d 129, 132 (5th Cir. 1986) ("Louisiana school boards … are not entitled to eleventh amendment immunity.").

[37] Rec. Doc. 18 at 5.

[38] *Id.*

initiated by Jabbia's direct subordinates" acting for the District.[39] Whatever the merits of that theory, the official-capacity claim against the superintendent is redundant of the identical claim against the School Board for the same reasons set out above.

Because the official-capacity claims against Jabbia are dismissed as redundant of the claims against the School Board, the Court does not reach Jabbia's alternative arguments that Plaintiffs have failed to state discrimination or retaliation claims. Those arguments go to the substance of Counts VI through IX, which remain pending against the School Board and are properly addressed in that posture. The Court's dismissal reflects only that the claims against Superintendent Jabbia duplicate the claims against the entity he serves and not an adjudication of the merits of any claim.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss filed by defendant Frank Jabbia, in his official capacity as Superintendent of St. Tammany Parish Public Schools,[40] is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims asserted against Jabbia in Counts VI through IX are **DISMISSED WITH PREJUDICE**, and Jabbia is **DISMISSED** as a defendant in this action.

---

[39] *Id.* at 12.
[40] Rec. Doc. 13.

New Orleans, Louisiana, this 14th day of August, 2026.

Anna St John

ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE